UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Raymond Clyde Robideau, | Case No. 23-cv-3402 (WMW/DJF) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| Lisa Stenseth, Warden, | |
| Respondent. | |

---

Over a decade ago, Petitioner Raymond Clyde Robideau was convicted of second-degree intentional murder in state court ("Conviction"). *See State v. Robideau*, 796 N.W.2d 147, 148 (Minn. 2011). This matter is before the Court on Mr. Robideau's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody ("Petition") (ECF No. 1). Mr. Robideau contends the sentence he received for his conviction was unlawful because the sentencing judge, rather than a jury, made factual findings that led to the application of a sentencing enhancement which, in turn, resulted in a term of imprisonment longer than it otherwise would have been. (ECF No. 1 at 5.)[1]

The Court reviews Mr. Robideau's Petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Upon that review, the Court concludes that Mr. Robideau's Petition should be dismissed as untimely.

Under 28 U.S.C. § 2244(d)(1),

> [a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

---

[1] For ease of reference, the Court references the ECF pagination.

1

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Section 2244(d)(1)(A), the first provision, applies here.

Mr. Robideau does not contend: (1) the state prevented him from seeking habeas relief earlier; (2) he is relying on a newly recognized constitutional right; or (3) the factual predicate of his claim could not have been discovered earlier. Accordingly, Mr. Robideau had one year from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review" in which to seek federal habeas relief. 28 U.S.C. § 2244(d)(1)(A). The Minnesota Court of Appeals affirmed Mr. Robideau's sentence on June 25, 2012, *see State v. Robideau*, 817 N.W.2d 180 (Minn. Ct. App. 2012), and the Minnesota Supreme Court declined review of that affirmation on September 25, 2012, *see Robideau v. State*, No. A23-0329, 2023 WL 4853605, at *1 (Minn. Ct. App. July 31, 2023).[2] Mr. Robideau then had ninety

---

[2] Previously, the Minnesota Supreme Court reversed and remanded Mr. Robideau's sentence on grounds that the trial court had applied the sentencing enhancement at issue on an improper factual foundation. *See Robideau*, 796 N.W.2d at 150-52. The trial court subsequently resentenced Mr. Robideau (with the same sentencing enhancement applied), and this sentence was subsequently affirmed by the Minnesota Court of Appeals and passed over by the Minnesota

days in which to petition the Supreme Court of the United States for a writ of certiorari. Because he did not do this, his conviction became final on the date the certiorari deadline expired: December 24, 2012. Under section 2244(d)(1)(A), Mr. Robideau then had one year in which to seek federal habeas relief. That deadline expired on December 24, 2013. Therefore, Mr. Robideau filed his Petition nearly ten years too late.

      Mr. Robideau acknowledges in his Petition that it is "outside the time limit" established by section 2244(d). (ECF No. 1 at 14.) He argues, however, that the Court should allow his Petion to proceed because he is "actually [innocent]" of the "excessive sentence". (*Id.*) Mr. Robideau is correct that an adequate showing of "actual innocence" can permit a habeas petitioner to avoid the limitations period established under section 2244(d). *See McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). But the actual innocence required is actual innocence of the *offense*, not innocence of a sentencing enhancement (at least in the context of non-capital cases). *See Sawyer v. Whitley*, 505 U.S. 333, 340-41 (1992); *United States v. Jones*, 758 F.3d 578, 583-86 (4th Cir. 2017); *cf. Embrey v. Hershberger*, 131 F.3d 739, 741 (8th Cir. 1997) (en banc); *United States v. Richards*, 5 F.3d 1369, 1371 (10th Cir. 1993). Mr. Robideau does not assert in his Petition—much less credibly assert—that he is actually innocent of the murder for which he was convicted. Accordingly, Mr. Robideau cannot invoke actual innocence as a basis for evading the statute of limitations.

      Mr. Robideau's Petition is plainly untimely under section 2244(d) and should be denied on that basis. Because the Court does not believe the procedural basis on which it recommends the Petition be denied is fairly debatable, it further recommends that a certificate of appealability not be issued. *See* 28 U.S.C. § 2253(c).

---

Supreme Court. Mr. Robideau's judgment did not become final until after this entire process reached its conclusion.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT**:

1. Petitioner Raymond Clyde Robideau's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (ECF No.[1]) be **DENIED**; and

2. No certificate of appealability be issued.


Dated: November 28, 2023               *s/ Dulce J. Foster*
                                        DULCE J. FOSTER
                                        United States Magistrate Judge

## NOTICE

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections.  *See* Local Rule 72.2(b)(2).  All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).