UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Raymond Clyde Robideau,            Case No. 23-cv-3402 (WMW/DJF)

           Petitioner,

**ORDER ADOPTING REPORT AND RECOMMENDATION**

v.

Lisa Stenseth, *Warden*,

           Respondent.

---

This matter is before the Court on the November 28, 2023 Report and Recommendation ("R&R") of United States Magistrate Judge Dulce J. Foster. (Dkt. 6.) The R&R recommends denying Petitioner Raymond Clyde Robideau's habeas petition as untimely. Robideau objected to the R&R, contending that his petition is timely. (Dkt. 7.) For the reasons addressed below, the Court overrules Robideau's objection, adopts the R&R and denies the petition.

## BACKGROUND

In 2011, Robideau was convicted in state court of second-degree intentional murder. *See State v. Robideau*, 796 N.W.2d 147, 148 (Minn. 2011). Robideau now brings this Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a person in state custody, arguing that his sentence is unlawful. (Dkt. 1.) The R&R recommends denying the Petition because the Petition is untimely. 28 U.S.C. § 2244(d).

## ANALYSIS

The Court reviews *de novo* those portions of an R&R to which a party has objected and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); D. Minn. LR 72.2(b)(3). A party's objections to an R&R must address the portions of the magistrate judge's R&R to which objections are made and offer a basis for the objections. *Mayer v. Walvatne*, No. 07-cv-1958, 2008 WL 4527774, at *2 (D. Minn. Sept. 28, 2008). The Court reviews for clear error objections that restate arguments that were made to and considered by the magistrate judge. *Montgomery v. Compass Airlines, LLC*, 98 F.Supp.3d 1012, 1017 (D. Minn. Mar. 30, 2015). The Court does not consider evidence that was not submitted to the magistrate judge for consideration. *Roberts v. Apfel*, 222 F.3d 466, 470 (8th Cir. 2000). Absent specific objections, the Court reviews an R&R for clear error. *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996). The Court liberally interprets a *pro se* party's objections. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Horsey v. Asher*, 741 F.2d 209, 211 n.3 (8th Cir. 1984).

Robideau objects to the R&R, arguing that in *Garza v. Idaho*, the Supreme Court held that waivers that implicate sentencing issues may be brought at any time. 139 S. Ct. 738, 749-50 (2019). However, *Garza* is inapplicable here. In *Garza*, the Supreme Court determined whether a presumption of prejudice applied when a defendant has signed an appeal waiver in an ineffective assistance of counsel claim. *See id.*

2

A one-year period of limitation applies to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. 28 U.S.C. § 2244(d). The limitation period shall run from the latest of—

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.* As the R&R correctly concludes, the one-year limitation period in Section 2244(d) applies here. Robideau does not contend that: (1) the state prevented him from seeking habeas relief earlier, (2) he is relying on a newly recognized constitutional right or (3) the factual predicate of his claim could not have been discovered earlier. Therefore, none of the exceptions to the one-year limitations period applies. For this reason, Robideau's objection to the R&R is overruled. Accordingly, the Court adopts the R&R and denies Robideau's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody.

Based on the R&R and all the files, records and proceedings herein, **IT IS HEREBY ORDERED**:

1. Petitioner Raymond Clyde Robideau's objection to the November 28, 2023 R&R, (Dkt. 7), is **OVERRULED**;

2. The November 28, 2023 R&R, (Dkt. 6), is **ADOPTED**.

3. Petitioner Raymond Clyde Robideau's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody, (Dkt. 1), is **DENIED.**

4. No certificate of appealability is issued.

   **LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: January 17, 2024                         s/Wilhelmina M. Wright
                                                Wilhelmina M. Wright
                                                United States District Judge